[No. 21842. Department One. September 4, 1929.]

ALBERT KRIEG, *Appellant*, v. LILLY KRIEG, *Respondent*.[1]

*Robert A. Devers*, for appellant.

*Charles E. Claypool*, for respondent.

FULLERTON, J.—The appellant and respondent were formerly husband and wife. In an action wherein both parties sought a decree of divorce, the court granted an interlocutory decree in which it awarded to the respondent wife alimony, payable at the rate of $35 per month until the further order of the court. The husband appeals from that part of the decree making an award of alimony.

The evidence disclosed that there were no minor or dependent children of the parties, and further disclosed that such property as the parties had, was, prior to the institution of the action, divided between them by a mutual agreement. Based upon these facts, the appellant contends that the court was without power to decree a payment of alimony. A somewhat extended argument is made in support of the conten-

[1]Reported in 278 Pac. 223.

tion, the substance of which is that the power to award alimony did not exist at common law, and depends wholly upon statute; that, since the statute declares the contract of marriage to be a civil contract, the statute in force at the time of the marriage enters into and forms a part of the contract; that the statute in force at the time of the marriage of the present parties did not authorize the allowance of alimony under the conditions here shown; and that the legislature is without power to change the statute as to affect the status of parties under an existing marriage. But we think we need not pursue the argument at length. While it is true that the statute declares that marriage is a civil contract, an inquiry into the historical background which gave rise to the expression will show that it was not intended thereby to place such contracts on a level with the ordinary contracts which parties may enter into and dissolve at will. The contract of marriage creates a relation in which the state has an interest, and the state alone may prescribe the conditions upon which the relation can be dissolved. These conditions may be changed from time to time by the state, and these changes apply alike to those who enter into the marriage relation prior to the change as well as to those who enter into it afterwards. To hold to the appellant's view, would be to hold that a married person has a vested right in a statute relating to the dissolution of the marriage relation. This we cannot concede. Since the statute at the time this decree was entered into permits the award of alimony under the conditions here presented, it is needless to inquire what it may have permitted prior to that time.

A second ground assigned for setting aside the award of alimony seems to be founded on proceedings occurring at a prior hearing of the cause. But the record, as it is presented to this court, discloses

nothing more than the proceedings occurring at the trial in which the interlocutory decree was entered; it contains nothing concerning the former proceedings except such as appear in the incidental remarks of counsel, and we find nothing in these upon which to predicate error.

Finally, it is urged that the facts do not warrant the decree for alimony. But, without reviewing the evidence, we think it sufficient to say that we are in accord with the conclusions of the trial court.

The decree is affirmed.

TOLMAN, HOLCOMB, MILLARD, and BEALS, JJ., concur.